IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01507-NYW

CHRISTOPHER PACE,

    Plaintiff,

v.

TRAVELERS HOME AND MARINE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Travelers Home and Marine Insurance Company's ("Defendant" or "Travelers") Motion for Partial Judgment on the Pleadings on Plaintiff's Second Claim for Relief—Violation of C.R.S. § 10-3-1115 and to Stay Related Discovery (the "Motion" or "Motion for Partial Judgment on the Pleadings"), filed September 15, 2020. [#20]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated June 15, 2020, [#15], and concludes that neither oral argument nor additional briefing will materially assist in the resolution of this matter.[1]  Accordingly, upon review of the Motion, the pleadings, and the applicable case law, the court respectfully **GRANTS** the Motion for Partial Judgment on the Pleadings for the reasons stated herein.

---

[1] On October 5, 2020, the court granted Plaintiff a 7-day extension of time to October 13, 2020 to file his Response to the Motion for Partial Judgment on the Pleadings. *See* [#22]. Plaintiff has yet to file his Response and the time to do so has long since expired. Thus, I conclude it is appropriate to dispose of the Motion for Partial Judgment on the Pleadings presently without additional briefing. *See* D.C.COLO.LCivR 7.1(d) (providing that the court may dispose of a motion at any time).

**BACKGROUND**

The court draws the following facts from the Amended Complaint and presumes they are both true and undisputed for purposes of the instant Motion:

1. On or about January 29, 2014, Plaintiff Christopher Pace ("Plaintiff" or "Mr. Pace"), and others, was involved in an automobile accident caused by a non-party tortfeasor who collided with stopped traffic in or around Littleton, Colorado (the "accident"). *See* [#4 at ¶¶ 5-14; #11 at ¶¶ 5-6, 8-9, 11-14].

2. Mr. Pace suffered damages and personal injuries because of the accident. *See* [#4 at ¶¶ 19-20, 30; #11 at ¶¶ 19-20, 30].

3. At the time of the accident, Mr. Pace was insured under Travelers' insurance policy 988285971 101 1 (the "Policy") that provided uninsured/underinsured motorist ("UIM") coverage. *See* [#4 at ¶¶ 27-29; #11 at ¶¶ 27-29].

4. On or about April 10, 2018, Mr. Pace received $99,000 to settle his bodily injury claim against the non-party tortfeasor. *See* [#4 at ¶ 24; #11 at ¶ 24].[2]

5. On or about March 16, 2020, Mr. Pace initiated this civil action in the District Court for the City and County of Denver, later removed to this District pursuant to 28 U.S.C. § 1332, asserting a breach of contract claim against Travelers for UIM benefits under the Policy. *See* [#1; #2].[3]

6. On or about March 30, 2020, Plaintiff sent "Travelers his incident related medical records and billing." [#4 at ¶ 37].

---

[2] The Parties dispute whether this settlement amount fully compensated Mr. Pace for his alleged damages and injuries. *Compare* [#4 at ¶¶ 25, 31, 32-44] *with* [#11 at ¶¶ 25, 31, 32-44].

[3] On a Rule 12(c) motion, the court may take judicial notice of the filings on its docket for purposes of the factual background of the matter. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

7. At some point thereafter, Travelers contacted the attorneys for the non-party tortfeasor's insurance provider, who informed Travelers that they believed Plaintiff was fully compensated by the $99,000 bodily injury settlement. *See* [#4 at ¶ 40; #11 at ¶ 40].

8. Plaintiff served Travelers through the Colorado Division of Insurance on May 6, 2020. [#3].

9. Then, on or about May 15, 2020, Mr. Pace filed an Amended Complaint to assert an additional claim for the unreasonable delay and/or denial of an insurance benefit under Colo. Rev. Stat. § 10-3-1115 ("statutory bad faith") given Travelers's alleged unreasonable delay and/or denial of Mr. Pace's UIM claim. *See* [#4 at ¶¶ 32-44].

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) may be filed only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c); *see also Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 60 (D.D.C. 2007) ("Pleadings are closed within the meaning of Rule 12(c) if no counter or cross claims are at issue when a complaint and an answer have been filed."). The court should not grant a Rule 12(c) motion "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (internal quotation marks omitted); *cf. Wyle v. Skiwatch Condo. Corp.*, 183 F. App'x 760, 762 (10th Cir. 2006) (concluding that the district court did not err in denying the plaintiff's Rule 12(c) motion, even where the defendants failed to respond, because the plaintiff failed to carry his initial burden). Indeed, a Rule 12(c) motion "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by

3

the district court." 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1367 (3d ed., Apr. 2019 update).

In evaluating a Rule 12(c) motion, courts employ the same standard used for Rule 12(b)(6) motions. *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019); *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017). That is, the plaintiff must allege a claim for relief that is plausible on its face, *Walker v. Mohiuddin*, 947 F.3d 1244, 1248-49 (10th Cir. 2020), and the court must accept as true all well-pleaded factual allegations and view those allegations in a light most favorable to the nonmovant, *Evans v. Diamond*, 957 F.3d 1098, 1100 (10th Cir. 2020). But the court is not limited solely to the plaintiff's complaint and may consider the defendant's answer, any written document attached to the pleadings, and any matter subject to appropriate judicial notice. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

## ANALYSIS

### I.    Colo. Rev. Stat. § 10-3-1115 – Statutory Bad Faith

Under Colorado law, "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). An insurer unreasonably delays or denies payment if the insurer does so "without a reasonable basis for that action." *Id.* § 10-3-1115(1)(b)(2); *see also Sandoval v. Unum Life Ins. Co. of Am.*, 952 F.3d 1233, 1236 (10th Cir. 2020) (explaining that a showing of unreasonableness does not require "knowing or reckless conduct"). Like its common law counterpart, objective industry standards determine an insurer's (un)reasonableness, which an insured may establish "through expert opinions or state law." *Peden v. State Farm Mut. Auto. Ins. Co.*, 841 F.3d 887, 890 (10th Cir. 2016). "Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists."

4

*Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1003 (D. Colo. 2020). "[I]f an insured can satisfy the elements [of a statutory bad faith claim], they are entitled to . . . an award of attorney fees and court costs, and two times the covered benefit." *Guarantee Tr. Life Ins. Co. v. Estate of Casper by & through Casper*, 418 P.3d 1163, 1172 (Colo. 2018) (discussing recovery under Colo. Rev. Stat. § 10-3-1116(1) for violation of Colo. Rev. Stat. § 10-3-1115).

Travelers advances two arguments as to why it is entitled to judgment as a matter of law on Plaintiff's statutory bad faith claim. First, it argues that Plaintiff's statutory bad faith claim relates solely to conduct that occurred after Plaintiff filed suit when Travelers's duty to settle, negotiate, or pay was suspended. *See* [#20 at 4-8]. Second, even assuming Travelers's duty to settle, negotiate, or pay was not suspended, Plaintiff fails to demonstrate Travelers acted unreasonably. *See* [*id.* at 8-13]. Because I agree with Travelers's first argument, I focus on it exclusively.

### A.     Duty to Negotiate, Settle, or Pay

Colorado law imposes duties on insurers to act reasonably in handling an insurance claim, which includes conducting a thorough investigation into the claim as well as providing reasonable explanations for a denied claim. *See generally Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1227-28 (10th Cir. 2016); *cf. Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1262 (10th Cir. 2016) (finding that Colorado law imposes duties on insurers to act reasonably in all aspects of their business, including underwriting and claims-handling). Indeed, the insurer's duty of good faith and fair dealing "continues unabated" through the duration of the insurer-insured relationship, including litigation. *See Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1107 (D. Colo. 2013). Yet, the initiation of an adversarial proceeding (i.e., litigation) combined with a genuine disagreement as to the amount of a claim may suspend an insurer's duty to

5

negotiate, settle, or pay. *See Rabin v. Fid. Nat. Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1113 (D. Colo. 2012) (relying on *Bucholtz v. Safeco Ins. Co. of America*, 773 P.2d 590, 592-93 (Colo. App. 1988)). Generally, such circumstances do not make it unreasonable for an insurer to refuse to negotiate, settle, or pay a claim. *See, e.g.*, *Wahlert v. Am. Standard Ins. Co. of Wisconsin*, 173 F. Supp. 3d 1187, 1193 (D. Colo. 2016); *Jewell v. State Farm Mut. Auto. Ins. Co.*, No. 18-CV-02536-KLM, 2020 WL 1627348, at *7 (D. Colo. Feb. 26, 2020) (finding no dispute of material fact that the insurer's "obligation to negotiate payment was cut off pending resolution of th[e] lawsuit" where the insured submitted a UIM demand nearly a year after initiating the lawsuit).

Travelers argues that it owed Mr. Pace no duty to negotiate, settle, or pay his UIM claim because the conduct giving rise to Mr. Pace's statutory bad faith claim arose <u>after</u> Mr. Pace initiated this civil action. *See* [#20 at 6]. While acknowledging that it owes Mr. Pace a continuing duty of good faith and fair dealing, Travelers contends it cannot be liable for statutory bad faith given that Mr. Pace initiated this lawsuit prior to asserting a claim for statutory bad faith and there is a genuine dispute about the amount of Mr. Pace's UIM claims. *See* [*id.* at 6-8]. I respectfully agree.

For purposes of the instant Motion, it is undisputed that Mr. Pace:

- suffered damages and injuries from the accident about January 29, 2014;
- received $99,000 for his bodily injuries from the at-fault driver about April 10, 2018;
- initiated this action against Travelers, asserting breach of contract, on March 16, 2020;
- submitted his relevant "medical records and billing" to Travelers on March 30, 2020;
- served his Complaint on Travelers through the Division of Insurance on May 6, 2020; and
- amended his Complaint, as a matter of right under C.R.C.P. 15(a), to include a statutory bad faith claim on May 15, 2020.

*See* Background *supra*, at ¶¶ 1-2, 4-6, 8; C.R.C.P. 15(a)(" A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed…").  It is also undisputed that the attorneys involved in the settlement with the at-fault driver informed Travelers that they believed the $99,000 fully compensated Mr. Pace.  *See id.* at ¶ 7.  Mr. Pace attributes this belief to Travelers's failure to "properly review, adjust and pay" Mr. Pace's UIM claim.  *See* [#4 at ¶ 41].  Travelers disputes these assertions, as well as those suggesting Mr. Pace was not compensated by the $99,000 settlement with the at-fault driver.  *See* [#11 at ¶¶ 25, 38-39, 41-44].

Based on the foregoing, I conclude Travelers's duty to negotiate, settle, or pay was suspended for purposes of Mr. Pace's statutory bad faith claim.  First, Mr. Pace initiated this civil action on March 16, 2020, nearly two weeks <u>before</u> sending Travelers his relevant medical bills and records, and nearly two months <u>before</u> amending his complaint to add a statutory bad faith claim.  *See Rabin*, 863 F. Supp. 2d at 1113 (concluding the initiation of a bad faith lawsuit constituted an adversarial proceeding for purposes of suspending an insurer's duty to negotiate, settle, or pay a claim).  Second, as noted, there appears a genuine dispute as to the amount of Mr. Pace's UIM claim, evidenced by the initiation of this civil action and the pleadings.  *See Baker*, 939 F. Supp. 2d at 1108-09 (concluding that initiation of a bad faith lawsuit can demonstrate a genuine disagreement as to the amount of a claim under Colorado insurance regulations); *cf. Geoffroy v. Amica Mut. Ins. Co.*, No. 16-CV-01736-MSK-KMT, 2017 WL 11546039, at *4 (D. Colo. July 20, 2017) (concluding it would be futile to allow the insureds to amend their complaint to include a request for exemplary damages based entirely on the insurer's post-litigation conduct because the initiation of the bad faith lawsuit, which demonstrated a genuine disagreement as to the amount of the claim, suspended the insurer's duty to negotiate, settle, or pay).  Even if Travelers was required to negotiate after it received notice of Mr. Pace's breach of contract claim, only nine

7

days elapsed between when Plaintiff served Travelers with the original Complaint and it was amended as a matter of right on May 15, 2020. *Compare* [#3] *with* [#4].

Nor does this appear to be a situation in which Mr. Pace's statutory bad faith claim concerns an entire course of conduct by Travelers, including its pre-litigation conduct, such that Mr. Pace may be able to proceed with a statutory bad faith claim despite the suspension of Travelers's duty of negotiate, settle, or pay. *See, e.g.*, *Baker*, 939 F. Supp. 2d at 1109-12 (holding that although the insured's statutory bad faith claim could not survive based on post-litigation conduct, genuine disputes of material fact existed as to the reasonableness of the insurer's pre-litigation conduct); *Rabin*, 863 F. Supp. 2d at 1114 (concluding that the insureds statutory bad faith claim "based upon [the insurer's] entire course of conduct beginning in February 2009" could prevail "even though filing suit suspended [the insurer's] duty to negotiate."). Indeed, the timeline of events belies any such claim, because Mr. Pace submitted his medical records <u>after</u> he initiated this civil action, at which point Travelers allegedly denied Mr. Pace's UIM claim. Accordingly, I conclude that Travelers is entitled to judgment as a matter of law on Mr. Pace's statutory bad faith claim.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Travelers's Motion for Partial Judgment on the Pleadings [#20] is **GRANTED**;

(2) Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, once the court disposes of all remaining claims,[4] the Clerk of the Court shall **ENTER** Final Judgment in **FAVOR** of Travelers and **AGAINST** Mr. Pace on Mr. Pace's statutory bad faith claim; and

---

[4] The court will address the issues of costs under Rule 54(d) of the Federal Rules of Civil Procedure once Final Judgment on all claims enters.

8

  (3)  Mr. Pace's statutory bad faith claim is **DISMISSED with prejudice**.


DATED: November 2, 2020         BY THE COURT:

                                     _____
                                     Nina Y. Wang
                                     United States Magistrate Judge